UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,
#641715,

                     Plaintiff,                         No. 11-15280

vs.                                                 Hon. Gerald E. Rosen

FOX 2 NEWS, et al.,

                     Defendants.

_____/

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 30, 2012_____

PRESENT:   Honorable Gerald E. Rosen
                   United States District Chief Judge

On December 8, 2011, the Court entered an Order of Summary Dismissal, summarily dismissing Plaintiff Kyle Richards' *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court found that federal subject matter jurisdiction was lacking and determined that Plaintiff failed to state a claim upon which relief could be granted. Plaintiff now has filed a Motion seeking reconsideration of the Court's December 8, 2011 Order.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

1

> (1)  A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.
>
> * * *
>
> (3)  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

Plaintiff Richards' Motion for Reconsideration was not timely filed in compliance with the Local Rule.

Richards filed his Motion on January 18, 2012.[1]  As set forth in L.R. 7.1(h)(1), motions for reconsideration must be filed within 14 days after the order for which reconsideration is sought. The Order summarily dismissing Plaintiff's Complaint was entered on December 8, 2011.  Therefore, to have been timely, Plaintiff would have had to have filed his Motion by December 22, 2011.  Plaintiff's Motion, however, was not filed until January 18, 2012 -- 27 days too late.  Therefore, his Motion will be denied.

Furthermore, even if the Court were to consider the arguments presented in this

---

[1]  Although the docket entry indicates that Plaintiff's motion was filed with the court on January 24, 2012, under the "prison mailbox rule," a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  Under this relaxed standard, the Court will assume that Plaintiff's motion was filed on the date indicated on the signature page, i.e., January 18, 2012.

untimely Motion, Plaintiff still would not be entitled to the relief requested.

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect.  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain."  *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted.  L.R. 7.1(g);  *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).  Plaintiff Richards' motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.  Plaintiff is merely attempting to re-hash arguments that he previously raised in litigating this matter.

Further, to the extent that Plaintiff's motion may be construed as pointing out the December 8th Order does not mention that Plaintiff named the "United States" in the caption, there were no allegations against the United States within Plaintiff's Complaint. Furthermore, as Plaintiff made clear in his January 14, 2012 "Brief Explaining the Inclusion of the United States" [Dkt. # 5], he named the United States as a defendant, in an attempt to hold the United States responsible for the conduct of the Macomb County Sheriff in connection with the alleged slanderous acts of Fox 2 News.  The county sheriff, however, is not an agent of the United States government; rather, he is an elected official

of a *Michigan* local government. There is no factual or legal basis for holding the United States responsible for the sheriff's conduct.  Thus, it is clear that Plaintiff has not shown a "palpable defect" in the Order or that correcting the defect would result in a different result.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 6]** is DENIED.  Plaintiff may not pursue an appeal without prepaying the appellate filing fee because the issues are frivolous and an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 30, 2012

I hereby certify that a copy of the foregoing document was served upon Kyle Richards, #641715, Bellamy Creek Correctional Facility, 1727 W. Bluewater Hwy., Ionia MI 48843 on January 30, 2012, by ordinary mail.

s/Ruth A. Gunther
Case Manager

4